UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| BRYAN SHERIFF,<br>    Plaintiff, | : | |
| | : | |
| v. | : | No. 3:22cv1479 (MPS) |
| | : | |
| LIEUTENANT RULE, et al.,<br>    Defendants. | : | |

**INITIAL REVIEW ORDER**

Plaintiff Bryan Sheriff, an inmate in the custody of the Department of Correction ("DOC"), has filed his complaint in this action *pro se* under 42 U.S.C. § 1983.[1] Compl., ECF No. 1.[2] He names as defendants four DOC employees who work at MacDougall-Walker Correctional Institution: Lieutenant Rule, Correction Officers John and Jane Doe, and Nurse Jane Doe. The Court construes his complaint as alleging Eighth Amendment violations against Defendants in their individual capacities for damages.[3]

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint,

---

[1] The Court may "take judicial notice of relevant matters of public record." *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The publicly available information on the judicial branch website shows that Sheriff was sentenced on October 24, 2019 for a criminal conviction to a term of incarceration, with its execution suspended after 18 months, probation for three years. After he was found guilty of a probation violation, his probation was terminated on August 17, 2022. *See* Case Detail for HHD -CR18-0699855-T at https://www.jud2.ct.gov/crdockets/SearchByDefDisp.aspx.

[2] Plaintiff paid the filing fee on January 24, 2023.

[3] To the extent Plaintiff seeks monetary damages against Defendants, who are state employees, in their official capacities, such claims are barred by the Eleventh Amendment. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. §1915A.

## I.     Allegations

The Court does not include herein all of the allegations from the complaint but summarizes the facts to provide a context to this initial review.

Plaintiff is paralyzed from the chest down due to a spinal cord injury and is in a wheelchair. He requires a catheter to use the bathroom. At 5:30 PM on November 25, 2019, Plaintiff pressed the emergency medical button to notify Officer Jane Doe that he needed his medical supplies so that he could use the bathroom. After Officer Jane Doe ignored his medical button call, Plaintiff attempted to gain her attention by knocking on his cell door as his cell was directly across from her desk.

Correction Officer Jane Doe called Lieutenant Rule, who arrived at Plaintiff's cell with a team of correction officers. Lieutenant Rule informed Plaintiff that he would be sent to the Restricted Housing Unit ("RHU") as punishment for knocking on his door and calling out for a correction officer. Plaintiff did not pose any resistance. He began to roll out of his wheelchair when Defendant Rule grabbed his legs and pulled him to the ground.

Plaintiff cried and screamed out that he was a paraplegic who could not use his legs. Defendant Rule tried to roll Plaintiff over onto his stomach, but Plaintiff's upper body twisted differently than his lower body. Defendant Rule put his knee into Plaintiff's back while he

handcuffed Plaintiff's hands behind his back. He told Officer Jane Doe that she could start the recording after Plaintiff was handcuffed and placed back into his wheelchair.

At the RHU, Plaintiff was strip searched and placed in a cell where he discovered that his knees were swollen, he felt a sharp pain in his hips, and he felt "out of place" due to being "twisted up" on the floor. He told Defendant Rule that he needed to see a doctor.

Shortly thereafter, he told Nurse Jane Doe about his excruciating pain in his lower back, hips and knees and requested to have an X-ray taken. She provided him with pain medication and told him that he should not be experiencing pain if he is paralyzed. She advised him to sign up for sick call in five days after his RHU release.

After he was released, Plaintiff wrote to sick call requesting to see a doctor and have an X-ray. He never received a response. He continues to experience lower back pain and his knees are crooked when he extends them. He claims that Defendants' conduct exacerbated his spinal cord injury.

## II.     Discussion

The Court construes Plaintiff's complaint as asserting Eighth Amendment excessive force and deliberate indifference claims against Defendants.

### A.     Personal Involvement

A plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991))). To "hold a state official liable under § 1983, a plaintiff must plead and prove the

elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff's complaint contains no factual allegations describing any conduct by Correction Officer John Doe. Accordingly, the Court must dismiss any claim against Officer John Doe because no facts in the complaint suggest his involvement in a constitutional violation.

### B.     Eighth Amendment Excessive Force

In order to adequately allege an Eighth Amendment claim of excessive force, Plaintiff must show that the force employed by a defendant was not "applied in a good-faith effort to maintain or restore discipline" but was done "maliciously or sadistically to cause harm," and that the harm done was objectively serious enough to violate Plaintiff's constitutional right to be free from such harm. *See Sims v. Artuz*, 230 F.3d 14, 21 (2d Cir. 2000). For purposes of initial review, Plaintiff has alleged facts that plausibly suggest that Lieutenant Rule's conduct to pull him out of his wheelchair, roll him over, handcuff him behind his back and place him in segregation in the RHU was objectively unreasonable and done in order to maliciously or sadistically cause Plaintiff harm. Accordingly, Plaintiff may proceed on his Eighth Amendment excessive force claim against Lieutenant Rule in his individual capacity.

### C.     Eighth Amendment Deliberate Indifference to Health and Safety

In order to show a violation of his Eighth Amendment rights for deliberate indifference to his health or safety, Plaintiff must allege (1) that he was incarcerated under "conditions posing a substantial risk of serious harm" and (2) that the prison official putting him in those conditions was deliberately indifferent to his health or safety. *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020). In order to meet this second prong, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

4

the inference." *Id.* Plaintiff must allege facts to suggest that a defendant acted not merely carelessly or negligently, but with a subjectively reckless state of mind akin to criminal recklessness. *Dunbar v. Dep't of Correction*, No. 3:22-CV-627 (JAM), 2023 WL 143164, at *5 (D. Conn. Jan. 10, 2023). Here, the complaint's allegations plausibly suggest that Lieutenant Rule ignored a serious risk of harm to Plaintiff's condition as a paraplegic inmate due to a spinal injury. Accordingly, the Court will permit Plaintiff to proceed for damages against Lieutenant Rule on a claim of Eighth Amendment deliberate indifference to Plaintiff's health and safety.

### D.     Eighth Amendment Medical Deliberate Indifference

The Court construes Plaintiff's complaint as alleging indifference to his serious medical needs. For a medical deprivation, the prisoner must allege facts to show that "(1) objectively, the alleged deprivation of medical care was 'sufficiently serious,' and (2) subjectively, that the defendants acted or failed to act 'while actually aware of a substantial risk that serious inmate harm will result.'" *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006)). To be "sufficiently serious," the deprivation of medical care must be "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

Here, Plaintiff adequately alleges that he had a serious medical need for a catheter in order to use the bathroom, and that Defendant Correction Officer Jane Doe acted in conscious disregard of Plaintiff's serious medical need to use a catheter. Thus, Plaintiff may proceed for damages against Officer Doe for Eighth Amendment medical indifference.

He also alleges that Nurse Jane Doe provided him with pain medication but otherwise ignored his requests for medical attention. At this early stage in this matter, the Court will permit

Plaintiff to proceed on a claim for damages against Nurse Doe for Eighth Amendment medical indifference.

**III.    Orders**

For the foregoing reasons, the court enters the following orders:

(1)    The case shall proceed on Plaintiff's individual capacity claims for damages as follows:

1. Eighth Amendment violation based on excessive force against Lieutenant Rule;

2. Eighth Amendment violation based on deliberate indifference to Plaintiff's health and safety against Lieutenant Rule;

3. Eighth Amendment violation based on deliberate indifference to Plaintiff's medical needs against Correction Officer Jane Doe and Nurse Jane Doe.

All other claims are DISMISSED. Defendant Correction Officer John Doe is DISMISSED from this action.

Plaintiff has two options as to how to proceed in response to this Initial Review Order:

(1) If he wishes to proceed on the Eighth Amendment claims as set forth in items one through three immediately above, Plaintiff may do so without further delay. If Plaintiff selects this option, he shall file a notice on the docket on or before May 25, 2023, informing the Court that he elects to proceed with service as to the claims set forth in this paragraph. As Plaintiff has paid the fee and is not proceeding *in forma pauperis*, the Court will provide Plaintiff with the instructions for effecting service on Defendants in their individual capacities after it receives this notice. The Court advises Plaintiff that he will need to identify Correction Officer Jane Doe and Nurse Jane Doe in order to effect service on these defendants.  He may submit to Defendant Rule interrogatories or requests for production

6

of documents under Rules 33 and 34 of the Federal Rules of Civil Procedure for this purpose.

(2) Alternatively, if Plaintiff wishes to attempt to replead any of the claims asserted in his complaint that have been dismissed, in order to attempt to state a viable claim, he may file an amended complaint by May 25, 2023. An Amended Complaint, if filed, will completely replace the Complaint, and the Court will not consider any allegations made in the original Complaint in evaluating any Amended Complaint. The Court will review any Amended Complaint after its filing to determine whether it may proceed to service of process on any defendants named therein. If Plaintiff elects to file an Amended Complaint, the original complaint this IRO addresses will **not** proceed to service of process on any defendant.

If the Court receives no response from Plaintiff by May 26, 2023, the Court will presume that Plaintiff wishes to proceed on the complaint as to the claims permitted to go forward in this Initial Review Order, and Plaintiff will have to show good cause if he seeks to amend the complaint in any manner in the future.

**Changes of Address.** If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c) 2 provides that he **MUST** notify the Court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify Defendants or counsel for Defendants of his new address.

        ___/s/_____
        Michael P. Shea
        United States District Judge

**SO ORDERED** this __1st__ day of ___May___ 2023, at Hartford, Connecticut.